{¶ 61} Although I reluctantly concur with the majority as the sentence was a sincere attempt on behalf of the trial court in this particular instance only, I believe that the trial court judge's expansion of the detention hearing to include a dispositional *Page 12 
alternative for twenty-four hours of incarceration was a practical solution, but a dangerous practice. This "common sense" approach may cause future problems and should not be used in the future.
 {¶ 62} The court at issue has before it a habitually truant child. It appears from the record the court is attempting to control the child's truancy. The mother is at wits' end and unable to control the child's behavior. The court nobly attempted to modify the child's behavior by forcing him to spend a night in the detention center each time he was truant from school as a disposition to his unruliness. The court adjudicated him unruly and essentially held by a dispositional judgment that every time the child was absent from school, he would be sentenced to a day in jail, essentially without hearing, and he would be let go the next day to attend school again. This sentence presumably could or would occur repeatedly with no due process, such as a detention hearing or a probation violation hearing being scheduled or provided for, and enforced an indefinite number of times. The sanction almost resembles direct contempt proceedings. There is, however, no ability for the child to defend his non-attendance at school, i.e., illness, a dentist appointment, etc., which is essential to incarceration pursuant to the adjudication and disposition of the original delinquency proceeding, thereby creating a potential deprivation of a liberty interest and a denial of the child's due process rights. Such a deprivation could rise to the level at which a writ of habeas corpus could be sought. There is no evidence before us that this sentence was enforced or that the child was placed in the detention center on only one occasion and his behavior improved.
 {¶ 63} R.C. 2151.354 provides in part:
 {¶ 64} "(A) If the child is adjudicated an unruly child, the court may:
 {¶ 65} "* * * *Page 13 
 {¶ 66} "(6) If, after making a disposition under division (A)(1), (2), or (3) of this section, the court finds upon further hearing that the child is not amenable to treatment or rehabilitation under that disposition, make a disposition otherwise authorized under divisions (A)(1), (3), (4), and (7) of section 2152.19 of the Revised Code that is consistent with sections 2151.312 [2151.31.2] and 2151.56 to 2151.61 of the Revised Code." (Emphasis added.)
 {¶ 67} However, R.C. 2151.312(B) provides in part:
 {¶ 68} "* * *
 {¶ 69} "(2) Except as provided under sections 2151.26 to 2151.61 of the Revised Code and division (B)(3) of this section, a child alleged to be or adjudicated an unruly child may not be held for more than twenty-four hours in a detention facility. A child alleged to be or adjudicated a neglected child, an abused child, or a dependent child shall not be held in a detention facility.
 {¶ 70} "(3) A child who is alleged to be or adjudicated an unruly child and who is taken into custody on a Saturday, Sunday, or legal holiday, as listed in section 1.14 of the Revised Code, may be held in a detention facility until the next succeeding day that is not a Saturday, Sunday, or legal holiday."
 {¶ 71} There is no specific prohibition of this practice in the statute. However, the relevant sections of the code are not dispositional alternatives but are a temporary emergency detention procedure, upon the child being apprehended in the process of committing an act of delinquency. The twenty-four hour temporary detention should not be used as punishment. In this case, however, I find the court's error harmless.
 {¶ 72} In any event, I concur with the majority. *Page 1